UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Michael Chavez, | Case No. 2:24-cv-01140-CDS-DJA |
| Plaintiff | **Order Adopting Magistrate Judge's Report and Recommendation** |
| v. | |
| Tyler Gaston, et al., | [ECF No. 8] |
| Defendants | |

Plaintiff Michael Chavez commenced this action against defendants Tyler Gaston and the Public Defender's Office without paying the filing fee or submitting an application to proceed *in forma pauperis* (IFP), so United States Magistrate Judge Daniel J. Albregts issued an order directing him to do either by July 24, 2024. ECF No. 3. Almost two months later, Chavez had not complied or otherwise responded so Judge Albregts ordered Chavez to show cause why the case should not be dismissed for his failure to prosecute. ECF No. 4. In that order, Judge Albregts also extended the deadline for Chavez to pay the filing fee or submit an IFP application. *Id.* at 2. That deadline expired without a response, payment of the filing fee, or the filing of an IFP application, and the order sent to Chavez was returned as undeliverable.[1] ECF No. 5. Chavez was thus ordered to comply with this district's local rules by updating his address. ECF No. 6. The copy of that order sent to Chavez was also returned as undeliverable. ECF No. 7. An additional two months passed without a response from Chavez. In January 2025, Judge Albregts's report and recommendation ("R&R") was issued which recommends dismissal of this action. R&R, ECF No. 8. Chavez had until January 16, 2025, to file any objections to the R&R. *Id.* at 3 (citing Local Rule IB 3-2(a) (stating that parties wishing to object to an R&R must file

---

[1] Chavez filed his complaint while in custody at the Clark County Detention Center. He has not filed a notice of change of address or otherwise notified the court of his current address after his release.

objections within fourteen days)); *see also* 28 U.S.C. § 636(b)(1) (same). The R&R was returned as undeliverable, too. ECF No. 9.

As the plaintiff in this matter, Chavez has the duty to prosecute this case. *Fidelity Phila. Tr. Co. v. Pioche Mines Consol., Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). Hence, it is Chavez's responsibility to keep the court apprised of his current address and to comply with the court's orders. "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988).

Although "no review is required of a magistrate judge's report and recommendation unless objections are filed,"[2] I find that Chavez's failure to keep the court informed of his new address constitutes a failure to prosecute. In determining whether a plaintiff's failure to prosecute warrants dismissal, the court must weigh the following five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

The first, second, and third factors—the public's interest in expeditious resolution of litigation, the court's need to manage its docket, and the risk of prejudice to the defendants— weigh in favor of dismissal. Chavez's failure to update his address or respond to the court's orders prevents the case from proceeding. The fourth factor—the public policy favoring disposition of cases on their merits—always weighs against dismissal. Although the public policy favoring disposition of cases on their merits counsels against dismissal, "this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006). The fifth factor requires the court to

---

[2] *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

consider whether a less drastic alternative is available. Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson*, 779 F.2d at 1424. However, without Chavez's current address, other alternatives are bound to be futile. The court does not have an obligation to locate Chavez, and here, "[a]n order to show cause why dismissal is not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail." *Carey*, 856 F.2d at 1441. Therefore I accept Judge Albregts's R&R and dismiss this action without prejudice.

## Conclusion

It is hereby ordered that the report and recommendation **[ECF No. 8] is adopted** in its entirety. This action is now dismissed without prejudice. The Clerk of Court is kindly instructed to enter judgment accordingly and to close this case.

Dated: January 29, 2025

_____
Cristina D. Silva
United States District Judge

3